# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY BATISTA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-113 |
| | § | |
| CHRISTIN CARTER, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to dismiss by defendants Christin Carter and Jhillian Tillis ("Defendants") (Dkt. 5). Plaintiff Jeffrey Batista has not responded to the motion. Having considered the motion, record, and applicable law, the court is of the opinion that Defendants' motion should be GRANTED.

## I. BACKGROUND

This lawsuit asserts a procedural due process claim under 42 U.S.C. § 1983 (2010).[1] Dkt. 1. The 314th Judicial District Court of Harris County, Texas, terminated the parent-child relationships between Batista and his four children on August 3, 2017. *In the Interest of L.M.R.B.*, No. 14-18-00024-CV, 2018 Tex. App. LEXIS 1176, at *1 (Tex. App.—Houston [14th Dist.] Feb. 13, 2018, pet. denied) (mem. op.) (per curiam). Under Texas law, Batista had a right to file a notice of appeal by August 23, 2017, but he made no such filing "until January 8, 2018, which was 138 days past the

---

[1]Batista proceeds *pro se*. The court "construe[s] the pleadings of pro se litigants broadly in deference to their status." *Pleasant v. Texas*, 134 F.3d 1256, 1258 (5th Cir. 1998) (citing *Maleng v. Cook*, 490 U.S. 488, 493, 109 S. Ct. 1923 (1989)).

deadline."[2] *Id.*, at *1–2. Accordingly, Texas's Fourteenth Court of Appeals dismissed Batista's appeal for lack of jurisdiction.[3] *Id.*, at *2. The Texas Supreme Court subsequently denied Batista's petition for review. *In the Interest of L.M.R.B.*, No. 18-0161, 2018 Tex. LEXIS 1079, at *1 (Oct. 19, 2018).

Batista filed his complaint against Defendants in this court on January 10, 2019 (Dkt. 1).[4] He seeks § 1983 relief "for deprivation of rights" and believes Defendants should be "liable for misconduct for not following Texas Family Code 161.001 for reunification of [his] children." Dkt. 1. Defendants now move for dismissal under Federal Rule of Civil Procedure 12 for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Dkt. 5.

## II. STANDARD OF REVIEW

### A. Lack of Subject Matter Jurisdiction

Rule 12(b)(1) allows a party to seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2013). Federal-question jurisdiction "exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

---

[2] The court observes that Batista was represented by counsel on his August 23, 2017, notice-of-appeal filing deadline. Batista's "appointed trial counsel filed a motion to withdraw on August 15, 2017," but the trial court did not grant that motion until October 11, 2017. *In the Interest of L.M.R.B.*, 2018 Tex. App. LEXIS 1176, at *1.

[3] After the appellate court gave Batista an opportunity to demonstrate "meritorious grounds for retaining the appeal," Batista's attorney filed a response indicating he agreed that the court lacked jurisdiction. *In the Interest of L.M.R.B.*, 2018 Tex. App. LEXIS 1176, at *2.

[4] At the motion to dismiss stage, the court takes all facts alleged in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

necessarily depends on resolution of a substantial question of federal law." *Willis of Tex., Inc. v. Stevenson*, No. H-09-cv-0404, 2009 WL 7809247, at *4 (S.D. Tex. May 26, 2009) (Ellison, J.).

"In determining whether the court has subject matter jurisdiction, [it] must accept as true the allegations set forth in the complaint." *Crane v. Johnson*, 783 F.3d 244, 250–51 (5th Cir. 2015). "A trial court may find that subject matter jurisdiction is lacking based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

**B.     Failure to State a Claim**

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A party against whom claims are asserted may move to dismiss those claims when the nonmovant has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must provide the grounds for his entitlement to relief. *Id.* That "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "[C]onclusory allegations or legal

3

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Evaluating a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr. N., L.P.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012) (Ellison, J.).

### III. ANALYSIS

Defendants move for dismissal under both Rule 12(b)(1) and Rule 12(b)(6). Dkt. 5. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, the court first considers Defendants' argument that the court lacks subject matter jurisdiction over Batista's claim**.**

**A.    Lack of Subject Matter Jurisdiction**

Defendants move to dismiss under Rule 12(b)(1) because "the *Rooker-Feldman* doctrine . . . bars a federal court from entertaining collateral attacks on state court judgments." Dkt. 5 at 4. Under this doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198 (2006) (per curiam).

> A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are "inextricably

4

intertwined" with a state judgment, the court is in essence being called upon to review the state-court decision, and the originality of the district court's jurisdiction precludes such a review.

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (internal quotations omitted).

The Supreme Court has cautioned that "*Rooker-Feldman* . . . is a narrow doctrine." *Lance*, 546 U.S. at 464. In the Fifth Circuit, it "applies only in circumstances closely akin to those addressed in the *Rooker*[5] and *Feldman*[6] decisions, in which a party suffered an adverse final judgment rendered by a state's court of last resort, and then initiated proceedings in a lower federal court seeking review and reversal of the state-court judgment." *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012).

Batista's federal complaint was filed subsequent—and not parallel—to the state action.[7] In it, Batista alleges that Defendants' "misconduct for not following Texas Family Code 161.001 for reunification of [his] children" deprived him of his civil rights, forming the basis of his § 1983 claim. Dkt 1. To support his assertion, Batista alleges that "defendants have no factual grounds to produce a claim why [his] children shouldn't be return [sic] to [his] care." *Id.* Defendants argue that "[a]ny

---

[5]*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149 (1923), held that "[t]he jurisdiction possessed by the District Courts is strictly original," and Congress vested appellate authority "to reverse or modify" state-court judgments only in the Supreme Court.

[6]*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S. Ct. 1303 (1983), held that district courts lack subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court]."

[7]The *Rooker-Feldman* doctrine does not deprive a district court of jurisdiction "when the state proceedings are still on appeal." *Gross v. Dannatt*, 736 F. App'x 493, 494–95 (5th Cir. 2018) (per curiam). When Batista filed his federal complaint, however, the Texas Supreme Court already had denied his petition for review. *See In the Interest of L.M.R.B.*, No. 18-0161, 2018 Tex. LEXIS 1079, at *1 (Oct. 19, 2018) (denying review prior to Batista's January 10, 2019, federal filing). Thus, Batista "suffered an adverse final judgment rendered by [Texas's] court of last resort," *Ill. Cent. R.R.*, 682 F.3d at 390, and the *Rooker-Feldman* doctrine applies, *Gross*, 736 F. App'x at 494.

complaint regarding the constitutionality of the termination proceedings would have been an issue for an intermediate state appellate court, and the Texas Supreme Court, which had jurisdiction to review the district court's order." Dkt. 5 at 4.

The court agrees with Defendants. Batista's constitutional claim stems from the removal of his children and termination of his parental rights. Batista's arguments that Defendants failed to follow Texas law to reunify him with his children and have insufficient grounds to keep his children from his care make his § 1983 claim "inextricably intertwined" with the state-court proceedings. Entertaining Batista's claim would require the court to review the merits of the state court's termination proceedings, and "[t]his the District Court may not do." *Feldman*, 460 U.S. at 482 n.16.

State courts are competent to hear federal constitutional claims, *id.*, and Batista's intermediate- and high-court appellate opportunities were the appropriate points at which to raise his due-process concerns. "Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

Because the *Rooker-Feldman* doctrine proscribes Batista's collateral attack on the state-court judgment, the court finds it lacks subject matter jurisdiction over this lawsuit. Accordingly, the court GRANTS Defendant's motion to dismiss pursuant to Rule 12(b)(1).[8]

---

[8]Defendants assert a second argument for dismissal under Rule 12(b)(1): "claims made against state officials, in their official capacities, are barred by Eleventh Amendment immunity." Dkt. 5 at 5. Because the *Rooker-Feldman* doctrine compels dismissal, the court declines to consider Defendants' additional theory.

**B.     Failure to State a Claim**

Defendants also move to dismiss under Rule 12(b)(6) by asserting qualified immunity. Dkt. 5 at 8.  With no subject matter jurisdiction over this lawsuit, the court will not address Defendants' attack on the merits.  *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

## IV.  CONCLUSION

Defendants' motion to dismiss is GRANTED pursuant to Rule 12(b)(1).  This action is DISMISSED WITHOUT PREJUDICE.  Defendants' request for attorneys' fees is DENIED.

It is so ORDERED.

Signed at Houston, Texas, on April 12, 2019.

_____
Gray H. Miller
Senior United States District Judge